IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 2:17-CR-04091-SRB |
| | ) | |
| BRANDON DAVID CUDDIHE | ) | |
|     Defendant. | ) | |

## DEFENDANT BRANDON CUDDIHE'S SENTENCING MEMORANDUM

### *Introduction*

Defendant Brandon Cuddihe has pleaded guilty to two counts of attempted production of child pornography in violation of 18 U.S.C. § 2252(a) and (e). The Pre-Sentence Investigation Report (ECF #40), suggests a base offense level of 32 (PSIR ¶26), a four-level enhancement for the involvement of a minor under twelve (PSIR ¶27), a two-level enhancement for the use of a computer (PSIR ¶28) for an adjusted offense level of 38 (PSIR ¶32). Further, the probation office has calculated a multiple count adjustment of three levels (PSIR ¶49), and finally a Chapter Four enhancement of five levels (PSIR ¶51) for a total offense level of 46. Mr. Cuddihe has been credited with a two-level reduction for acceptance of responsibility under §3E.1.1(a) (PSIR ¶52) and a one-level reduction for acceptance of responsibility under §3E1.1(b) (PSIR ¶53) for a total offense level of 43 (PSIR ¶43). Despite all avenues of legal research to challenge any of the possible enhancements, it was determined through exhaustive review of 8th Circuit case law that all of the enhancements would be upheld if challenged, therefore, there are no objections to the probation office' calculations.

The United States Probation Office has calculated the Mr. Cuddihe's criminal history points at 1 (PSIR ¶74), resulting in a Criminal History Category of Level I (PSIR ¶75), to which he has no objection. Mr. Cuddihe understands that he is subject to a mandatory minimum sentence

consisting of no less than 180 months imprisonment on both Counts 1 and 2 and a statutory maximum of 720 months in total, which may be run concurrently, consecutively, or in any form or fashion the Court determines necessary to determine a just and proper sentence for the offense. For the reasons set forth below, Mr. Cuddihe requests a sentence of 180 months imprisonment on Counts 1 and 2, to be imposed concurrently, no assessment of a fine due to Defendant's financial position, a satisfactory period of supervised release to be determined by the Court, and a special assessment of $200. Mr. Cuddihe has further consented to imposition of the $3000.00 restitution request submitted by one the victims in this case.

## *Offense Background*

Brandon Cuddihe was indicted on December 20, 2017 on seven counts including attempted production of child pornography, receipt of child pornography, and transfer of obscene materials to a minor. The specific details of the offense conduct were lengthy, graphic, and need not be rehashed in this memorandum. PSIR ¶¶ 4-14 provided a detailed outline of the offense conduct in question, which Mr. Cuddihe admits were an accurate representation of what transpired.

The United States Probation Office has calculated the Sentencing Guidelines as follows as to each count, which mirror each other, to which Mr. Cuddihe has no objection:

| | | |
|---|---|---|
| **Base Offense Level: Guideline:** | §2G2.1(a) | 32 |
| **Specific Offense Characteristics:** | §2G2.1(b)(1)(A) | +4 |
| **Specific Offense Characteristics:** | §2G2.1(b)(6)(B)(ii) | +2 |
| **Multiple Count Adjustment:** | §3D1.4 | +3 |
| **Chapter Four Enhancement:** | §4B1.5(b) | +5 |
| **Acceptance of Responsibility:** | §3E1.1(a): | -2 |
| **Acceptance of Responsibility:** | §3E1.1(b): | -1 |

**Total Offense Level:** 43

**Criminal History Category: I,** Suggested Range: Life

# 3. Discussion

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker,* 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *Gall v. United States,* 128 S. Ct. 586, 596 (2007); *Rita v. United States,* 127 S. Ct, 2456, 264-265 (2007); *Booker,* 543 U.S. at 245-246; *United States v. Plaza,* 471 F.3d 928, 930 (8th Cir. 2006); and United States Sentencing Commission, *Guidelines Manual,* Section 1B1.1(a). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza,* 471 F.3d at 930 and USSG § 1B1.1(b). After calculating the advisory Guidelines range, the Court must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States,* 128 S.Ct. 558, 564 (2007); *Plaza,* 471 F.3d at 930 and USSG § 1.1B1(c).

## A. Application of the § 3553(a) factors

**1. The History and Characteristics of Brandon Cuddihe.**

The Court is required to consider the history and characteristics of Mr. Cuddihe prior to sentencing pursuant to 18 U.S.C. § 3553(a)(1).

### *Personal History and Background*

Brandon Cuddihe was born October 27, 1986 in Binghamton, New York to Mike and Gwen Cuddihe. He will be 32 years old at the time of sentencing. Brandon had a stable home life growing up and a good relationship with his parents and brother, Ryan. He lost his older brother, Chris, to an auto accident in 1997 and has struggled with that loss over the years. He maintains a good relationship with all of them to date and has stayed in close contact with his family since the time of his arrest. They have continued to support him despite the difficult circumstances this case has

created for all of them. His girlfriend of many years, Ashley, has remained by his side throughout as well and they continue to have a solid relationship.

Brandon dropped out of school in 12th grade upon learning he would have to repeat it in order to graduate. He eventually obtained a GED, however he reported that he did fine academically when he applied himself. While he obtained no higher education credits, he has had maintained a stable employment history since his teens working at various restaurants and keeping a good employment record. Ultimately, he landed a job with Field Turf, installing artificial playing surfaces at sports stadiums around the country. Although Brandon enjoyed the job, it required extensive travel, sometimes for up to a month at a time. He would spend many evenings alone in hotels, consuming alcohol. The lonely hotel nights, coupled with an odd fetish (outlined in detail in the supplemental report from Dr. Kline and in Mr. Cuddihe's letter to the Court), and alcohol consumption started Brandon on a whirlwind path of destructive behavior not only on himself, but to many young girls scattered across the country.

2. **The Nature and Circumstances of the Offense, the Need for the Sentence Imposed, and Avoiding Sentencing Disparities**.

The Court is required to consider multiple aspects of the sentence to be imposed on Mr. Cuddihe as a result of his conduct pursuant to 18 U.S.C. § 3553(a)(1) and (a)(2). 18 U.S.C. § 3553(a)(1) requires the Court to look at the "nature and circumstances of the offense."

Any case of this type involves inherently disturbing conduct, every family effected is rightly outraged, and any instance of production deserves significant punishment. By statute, Congress has determined that the production of child pornography warrants a sentence between fifteen and thirty years in length. Choosing a rational punishment within this range requires the

Court to step back and assess where each case falls on the spectrum of production cases and production offenders.

While it cannot be avoided that this case involved a large number of effected victims, it's important to review what did not happen in Mr. Cuddihe's case that is common to many other child pornography/production cases: he did not have custody or control over any of the victims involved, there was no sexual contact involved, there was no enticement to attempt the lure the victims to meet him for sexual contact, and Mr. Cuddihe did not attempt to share or distribute the images he received to any third parties. He further merits consideration on two other points: 1) all of the instances transpired over a very brief time period and there was no identifiable history of engaging in any such types of behavior prior to the time period of the actual offenses and, 2) once his behavior was discovered by one of the victims' parents, he ceased engaging in the activity altogether and remained in the public for nearly a year prior to his arrest without any further instances of similar conduct.

Mr. Cuddihe is a first-time offender and falls into a criminal history category of Level I (PSIR ¶75). The Sentencing Commission reports that of the 455 individuals sentenced under 2G2.1 in 2017 that 314 of them fall into criminal history category of Level I[1]. The mean sentence for those individuals was 278 months[2]. The suggested guidelines range as submitted in the PSIR is 720 months. The mean sentence for an individual with criminal history Level VI in 2017 was 520 months[3], which is still 200 months lower than the guidelines calculation range in the instant case.

---

[1] United States Sentencing Commission Interactive Sourcebook, 2017 data file, USSCFY2017.
[2] Id.
[3] Id.

Identifying these salient facts in no way minimizes the severity of the offense; it is instead a rational assessment of the case relative to similar offenders convicted of other production offenses. For instance, it is sadly typical in these cases that the language of online conversations is disturbing to any ordinary person, even accounting for obvious puffery and misrepresentation. The legitimate outrage and distress of the victim's families that result from the associated conversations is a factor typical in these types of cases. These very factors are what justify the full severity of a fifteen-year sentence for even first-time offenders. However, the high end of the statutory range should be reserved for the most egregious offenses and/or the most egregious offenders. While many may argue that Mr. Cuddihe constitutes being warranted an egregious offender based on the number of overall reported victims, once again it merits looking at what did not happen as solely opposed to what did. Further, while fashioning an appropriate sentence, it is important to consider perhaps *why* it happened based on the contents of Dr. Kline's report on Mr. Cuddihe in which he outlined that the behavior stemmed from a fetish-based background rather than any specific sexual attraction to children[4].

Lastly, sentences under the same or similar guidelines for the same or similar conduct in this District merit consideration. A review of press releases from the United States Attorney's Office for the Western District of Missouri over the past two years delivered the following results: 20 years (production), 25 years (production by a prior offender), 15 years (production, possession, engaged in a relationship with a minor under 15 years of age), 15 years (enticement, production), 22 years (production, receipt, enticement, pattern of behavior, obstruction)[5], 23 years (sexual abuse of a two year for production), 15 years (enticement, sexual contact), 12 years (sending images, chats, mass distribution, graphic photos of rape and sodomy), 15 years (receiving and distributing-

---

[4] Dr. Kline Forensic Psychological Report (DCD #38, pp. 7-10).
[5] Sentence imposed after a guilty verdict following a jury trial.

prior offender) and 30 years (production, in which the defendant sexually assaulted five children over a period of several years. The average sentence of those 10 cases is 19.2 years or roughly 230 months. As you can see, four of the ten sentences imposed were for 180 months. A 180-month sentence in the instant case would not be out of line with the norm in this District.

A 180-month sentence is sufficient, but not more than necessary, to "*reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense*" under 18 U.S.C. § 3553(a)(2)(A). Despite the recommended guidelines range in this case, a variance to the mandatory minimum of 180 months is sufficient punishment for Mr. Cuddihe. He has admitted to the offense conduct and realizes that what he did is unacceptable in any society. He has never served any period of incarceration previously to this and had minimal contacts with the criminal justice system. While the facts of this case are difficult for even one with a strong constitution to digest, 15 years of incarceration and a substantial period of supervision to follow are sufficient for Mr. Cuddihe to account for his actions. The production laws are written to be extremely tough, with some of the harshest mandatory minimums in the federal system. For a first-time offender, a 15-year sentence is a shock to the system, although warranted in this case.

A 180-month sentence would "*afford adequate deterrence to criminal conduct*" under 18 U.S.C. § 3553(a)(2)(B). As stated above, the law on its face is written to harshly punish anyone convicted of production by imposing a mandatory minimum of 15 years. A 180-month sentence imposed in the instant case would notify the public that individuals violating the production statutes will be dealt with harshly, even for a first-time offense and lack of criminal history.

A 180-month sentence would provide specific deterrence and "*protect the public from further crimes of the Defendant*" under 18 U.S.C. § 3553(a)(2)(C). There is no sugarcoating the facts in this case. They are very disturbing and the behavior was wide-ranging, albeit for a short

period of time. Brandon Cuddihe is 32 years-old. If given a sentence of 180 months, he would be in his mid-to late 40's when he was released. While incarcerated he would have access to counseling and many other programs that would help him reintegrate into society without further issues, not to mention he will likely be on a long period of federal supervision. According to Dr. Kline, the risk of recidivism is average for Mr. Cuddihe now and will be lower for him as he gets older[6]. Mr. Cuddihe has already had ample time to reflect on his conduct and is aware that is going to have serve a substantial sentence to fully atone for the actions that happened nearly three years ago. He has had no issues since his incarceration, gets along well with other inmates, and was in honor pod while at Cole County Jail.

Considered in totality, the requested sentence of 180 months incarceration is fair and just after balancing the §3553 factors.

## *B. Monetary Considerations*

1.  **Fines.** In light of Mr. Cuddihe's current financial position, he respectfully requests the Court not impose a fine in this matter.

2.  **Special Assessment.** It is Mr. Cuddihe's understanding that a $200.00 special assessment applies to this case.

3.  **Restitution.** Mr. Cuddihe has consented to restitution of $3000.00 as requested by one of the victims in this matter.

---

[6] Dr. Kline Forensic Psychological Report (DCD #38, p. 13).

## *Conclusion*

Mr. Cuddihe understands the severity and nature of his offenses, realizes the ramifications of his behavior, and is looking forward to becoming a productive member of society as soon as possible while understanding a period of incarceration is necessary to promote respect for the law and provide just punishment for the offense. Therefore, he respectfully requests the Court impose concurrent sentences on counts one and two of 180 months in the Bureau of Prisons, a term of supervised release deemed acceptable to the Court, no fine, and a 200.00 special assessment.

Respectfully submitted,

**ABBOTT & WIMER LLC**

/s/ Brady D. Wimer
Brady D. Wimer #66752
555 N. Route B
Hallsville, Missouri 65255
Phone: 573-881-4750
Fax: 573-696-0508
E-mail: brady@abbottwimer.com

Attorney for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that this document was electronically submitted through the Court's ECF filing system on April 30, 2019 and served upon all parties of record in the above captioned matter.

/s/ Brady D. Wimer